Phillips vs. Dodge.

| 8 | 51 |
| 130 | 92 |
| f130 | 93 |

No. 8.—ANTHONY PHILLIPS, plaintiff in error, *vs.* DANIEL R. DODGE, defendant in error.

[1.] The cause of action in this case is not within the Act of 1847, entitled "An Act to simplify and curtail pleadings at Law."

[2.] A declaration upon notes for the payment of specific articles of property: *Held* to be bad, without an averment of the value of those articles, at the maturity of the notes, and that the notes, being offered in evidence, were properly rejected, because of a variance between the allegations and proof.

[3.] *Held*, farther, that at Common Law, after the cause has gone to the Jury, such a declaration is not amendable so as to admit the notes in evidence.

Action on notes, in Camden Superior Court. Tried before Judge H. R. JACKSON, November Term, 1849.

Phillips brought an action against Dodge, under the Act of 1847, alleging that he was indebted to plaintiff the sum of $100, besides interest on two promissory notes, dated 16th September, 1845, and due 1st September, 1846. There was annexed a copy of the notes, which were as follows:

"On the first day of September next, I promise to pay A. Phillips, or bearer, fifteen head of gentle, two year old, spayed sows and barrows, it being for value received of him, this 16th September, 1845.

    [Signed,]                    DANIEL R. DODGE."

The other note was an exact copy.

No defence was entered, and judgment, by default, was taken at the first term. On the trial, the presiding Judge ruled out the notes, on the ground that they were not described in the petition, and no allegation was made of the value of the specific articles in which the notes were payable.

Counsel for plaintiff then moved to amend, by adding the necessary description and allegation, which motion was refused.

These decisions are alleged to be erroneous.

W. B. GAULDEN, for plaintiff in error.

W. B. FLEMING, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] As the declaration in this case is very brief, I submit a copy. It is in the following words:

GEORGIA,
CAMDEN COUNTY. } *To the Superior Court of said County:*

The petition of Anthony Phillips showeth, that Daniel R. Dodge, of said County, is indebted to him in the sum of one hundred dollars, besides interest, on two written promises, dated the sixteenth day of September, eighteen hundred and forty-five, and due the first day of September, 1846, which said two written promises the said Daniel R. Dodge refuses to pay; wherefore, your petitioner prays process may issue, requiring the said Daniel R. Dodge to be and appear at the next Superior Court of said County, to answer your petitioner's complaint.

WM. B. GAULDEN, *Attorney for Petitioner.*

To this declaration, copies of the two written promises, as they are called, were appended. Being exactly alike, I add a copy of one of them only.

"On the first day of September next, I promise to pay Anthony Phillips, or bearer, fifteen head of gentle, two year old, spayed sows and barrows, it being for value received of him, this 16th September, 1845.

DANIEL R. DODGE."

Upon the trial of this cause, at Common Law, the plaintiff tendered in evidence the originals of the copy notes appended to

Phillips *vs.* Dodge.

his declaration, which were repelled by the presiding Judge, upon two grounds—

1. Because they were not described in the declaration.

2. Because there was in the declaration no allegation of the value of the specific articles in which the notes were payable.

The ruling of the Court, in repelling the notes, upon the grounds stated, is assigned for error.

The notes sued on here, are not promissory notes, and are not negotiable under the Statute of *Ann*, because not payable in money. 2 *Ld. Raymond*, 1396. 8 *Mod.* 362. *Stra.* 629, 1271. 7 *Johns. R.* 461. 3 *Kent*, 74, '5. *Story on P. Notes*, 20. 7 *Johns. R.* 321. 1 *N. & McC.* 254. *Pool vs. McCrary*, 1 *Kelly*, 321. *Broughton vs. Badgett, Ib.* 77, '8. But notes payable in goods or stock, or indeed any thing, are made negotiable by our own Act of 1799. *Prince*, 426. *Broughton vs. Badgett*, 1 *Kelly*, 77, '8.

Whether, at Common Law, a note or promise to pay in specific property, is any thing more than an agreement to deliver the property, and to be declared on as such, need not be mooted in this case, because the legal character of such a paper is fixed, in this State, by Statute. They are made negotiable and of equal dignity with notes for the payment of money, by the Act of 1799 ; and by the Act of December, 1800, it is declared, that the price of the specific property, at the time the note falls due, having respect to the place where it is payable, with interest, shall be the criterion or rule of valuation. *Prince*, 813. By law, therefore, if such notes are not paid at maturity, the holder is entitled to recover, in money, the value of the property agreed to be paid at maturity, with interest. Such being the legal character of these papers, how ought they to be declared on ?

[2.] Our Statute of 1799, requires the plaintiff plainly, fully and distinctly, to set forth his cause of action. At Common Law, under the Act of 1799, and by our own practice, which has grown up under that Statute, it does not admit of a doubt, but that the plaintiff would be required to aver the value of the property at the time when the notes fell due. So far as I know, that fundamental rule of pleading, that a party must, by clear and distinct allegations, bring himself within the law which regulates his right to recover, has, by no Judge and no Court, prior to the Act of 1847, been dispensed with in Georgia. Proof of the value of the property promised to be paid, is a legal condition

precedent to the plaintiff's right of recovery. According to all
rule, he could not prove that without averring it. For the want
of that averment, this declaration is radically, fatally defective.
Failing to aver *that*, he has set forth, as springing out of these
notes, just no cause of action whatever; and the notes were, for
this reason, properly repelled. They were wholly irrelevant. It
is not questionable—never has been questioned—but that in all
material points, the allegations and the proof must correspond.
This declaration avers a promise, in writing, to pay one hundred
dollars, besides interest, on two written promises, bearing date at
such a time, and due at such a time, and that the defendant refu-
ses to pay; and this is all that it does allege. The notes offered
in evidence are promises to pay, each, fifteen head of gentle, two
year old, spayed sows and barrows. The disagreement between
the *allegata* and proof is essential and palpable, and for this
reason the Court was right in rejecting them.

But in answer to all these things, it is said, that by the Act of
1847, entitled an Act " to simplify and curtail pleadings at Law,"
the Legislature has, in *totidem verbis*, ordained the declaration in
this case, as the form of pleading to be used in suing on just such
notes as these. If this be true, the objections to the declaration
before stated, we concede, pass for nothing. The right of the
Legislature to declare what shall be the form of pleading, in any
and every case, we do not question; and when the will of the
Legislature is known, through the solemn forms of law, it is the
duty of this Court to give effect to it, wholly irrespective of our
opinions as to the wisdom and utility of the law. It is our un-
swerving purpose to discharge that duty, and in all cases to en-
force the laws of the State, unless they are unconstitutional. If,
in legislation, the General Assembly transcends its constitutional
powers, it is our duty—a duty of paramount obligation—to give
effect to the fundamental law, and to declare such legislation void.
That, also, is a duty, from the discharge of which, it is our sol-
emn purpose not to shrink. By the 3d section of the Act of
1847, it is declared, " That the form of an action, to recover mo-
ney on a note, bill, bond, receipt or written promise of any de-
scription, by adding a copy of which, with the indorsers' names,
(if any,) and credits, shall be appended; and when the suit is on
a bond, the breach from which arises the right of action shall be
set out plainly, *may be* as follows, to wit:" and then follows the

form of action adopted by the pleader in this instance. This law does not declare that the form prescribed shall be adopted—its language is permissive. Parties are left to adopt it or not, as they may think proper. They may adhere to the established rules of pleading. This is made conclusive by the 7th section of the Act, which provides, "That no departure from the before prescribed forms, shall work a non-suit, provided the plaintiff shall plainly and distinctly set forth his cause of action." By all of which, I understand that the plaintiff may adopt the prescribed form, and if he does, it shall be sufficient—or he may disregard that form, and, in that event, he shall not be non-suited, if he plainly and distinctly sets forth his cause of action. The Act of 1847 then, repeals no law of pleading in force prior to that time. It gives to parties simply a license to use the prescribed form, and if he elects to use it, he shall be protected in its use, and if he does not, he is subject to the Act of 1799, which requires the plaintiff plainly, fully, and distinctly, to set forth his cause of action. The proviso to the 7th section is simply in affirmance of the Act of 1799. Now, it is claimed, that in this case, the plaintiff has elected to sue according to the form prescribed, and following, literally, that form, he is not bound by any law, usage or practice previous to 1847.

The election, as a mere fact, is true; and that he has followed the form, with commendable exactitude, is true. But is it a case of election? Is any form of action prescribed by the Act of 1847, upon notes for specifics? We think not; and if we are right, the plaintiff can take nothing under the Act of 1847, and his pleadings are to stand or fall by the law of pleadings of force anterior to that Act. By that law, we have already passed upon them sentence of condemnation. Indeed, the learned counsel for the plaintiff does not defend them under that law. If these notes are embraced in the Act of 1847 at all, they fall under the 3d section, before referred to. The first relates to the recovery of real estate; the second, of personal property; the fourth, to actions on account; the fifth, to actions on judgments, and the sixth, to actions for breach of warranty in deeds, and these, and those embraced in the third section, are all the causes of action for which forms are provided.

Inasmuch as the Act of 1847 revolutionizes the entire system of pleadings, which, in the lapse of many years, had grown up

under the Act of 1799, and which was understood and approved by the profession, not universally, but very generally; and, inasmuch as that system was itself exceedingly liberal, abridging the prolixity, and rendering intelligible the obscurity, and simplifying the complexity of the special pleading system of the Common Law; and inasmuch as, I verily believe, that any legislative attempt to improve upon that system, by providing *a form* of action for all rights of action which grow out of the relations of men and property, would, from the sheer necessity of the case, prove a failure to a great extent—I am not inclined to extend, by implication or latitudinary construction, the Act of 1847, to any case not clearly embraced in its terms. Aware of these things, the Legislature wisely declined to make the forms of the Act of 1847 obligatory, and made the use of them permissive, by which I do not mean to say, but that, when used, they are not obligatory on the Courts and the adverse party. It is quite a mistake to suppose that the pleadings are the unmeaning forms by which the business of the Courts is conducted. In them, rights consist—by them, wrongs are redressed—through them, justice and impartiality, upon the trial, are secured—by them, each party is informed of his adversary's claim—the time, place and manner of it—and, also, he is instructed, for the most part, as to the law upon which it is founded. The statements in no declaration or plea, subserve the purposes of pleading, unless they are co-extensive with the law which governs the case. No principle of law ought to be available for a party, unless his allegations of facts are so full as to authorize its application; and no material fact ought to be proven, unless notice of that fact is brought home, by sufficient averments, to the other side. He should be warned of the facts out of which the plaintiff's legal rights arise, that he may be prepared to contest them, and thus disprove or deny the legal right. Besides, the pleadings pass to record, and are the perpetual memorials of what has been settled. What does not appear, does not exist. How important, in this view of it, are full and explicit pleadings! The merit of pleadings does not consist in brevity—they may be curtailed until shorn of all their virtue. The simpler they are, the better; but simplicity, in this connection, does not mean brevity—it does exclude mere technicality—but it has reference to perspicuity and fullness. It is the very thing which the Legislature meant in the great Act of 1799, when it declared that the

plaintiff's cause of action, and the defendant's defence, should be *plainly, fully* and *distinctly* set forth.   With these views, personal to myself, and, I believe, not irrelevant to the question, I repeat, that it is the judgment of this Court, that the plaintiff's case is not embraced in the 3d section of the Act of 1847, or any other section of that Act.   That section, in its specification of grounds of action, for which it is providing a form, mentions notes, bills, bonds, receipts, and *written promises of any description.*   The last class, *written promises*, it is said, includes these notes.   Our construction is, that the promises intended are written promises to pay *money*.   This construction is manifest in this, that the section declares, that the form of action to *recover money* on note, &c. and written promises, may be as follows, &c.   It provides the form of an action to *recover money*.   True, says the plaintiff, and this is an action to *recover money*.   The reply is, that the Act declares, not only that the form prescribed is for an action to *recover money*, but, farther, to recover money *due* on note, bond, &c. The question, then, first, is this: are these notes promises in writing, to *pay money*.   Clearly they are not.   They are promises to pay *two year old, gentle, spayed sows and barrows*.   Upon this promise upon its face, the obligation of the maker was to pay in the property specified—it was his privilege to pay the notes, at maturity, in that property.   Such was his undertaking, and it cannot be pretended, but that if he had delivered the property at the maturity of the notes, to the holder, or legally tendered it, they would have been discharged.   They are not promises to pay money.   Nor, second, is money *due* upon them.   Up to and at the time of maturity, there is no money due upon them.   All that is due, is the property named.   But the maker having failed to pay, in that property, at the maturity of the notes, how stands the matter ?   Upon such failure, the law, as we have seen, steps in and declares him liable to pay—what ?   Any ascertained sum of money?   No : but the value of the property, at the maturity of the notes, which value is to be ascertained by proof, and the verdict of a Jury.   What, then, is the plaintiff's cause of action ? The notes are inducement to it, and the plaintiff's cause of action is an assumpsit, which the law raises, that after breach of his obligation to pay in property, the maker shall pay so much money as the property was worth when the notes fell due.   Such cause of action is not among the enumerated in the 3d section of the

Act of 1847. These notes being made negotiable, by Statute, I have no doubt but that the legal assumpsit follows them into the hands of a transferree—just as the obligation of a promise to pay a note, barred by the Statute, accompanies it into the hands of a transferree. We think that the Legislature referred to simple, direct promises to pay money. A bond with conditions, upon breach of which a right of action arises, although a conditional promise to pay money, is not included in the *written promises* of this section—nor are breaches of a warranty in a deed; because special provision, different from that relied on by the plaintiff, is made for these. From this fact we satisfactorily infer, that none of that class of cases—causes of action where breaches of conditions, or failure to perform agreements, give rise to the plaintiff's right of action—are included. This belonging to that class, this, therefore, is not included. For these reasons we find no error in the first assignment.

[3.] Upon the rejection of the notes, the plaintiff moved to amend his pleadings, so as to admit them. The presiding Judge refused the motion, and that is assigned for error. Viewing this declaration as we have represented it, an amendment adequate to let in these notes would be, at no time, allowable, because such an amendment could not fall short of the substitution of an entire new cause of action. Excluding, as we have done, this cause from the operation of the Act of 1847, it comes under the law which regulates pleadings, aside from that Act. By that, as an action founded on these notes, the declaration is wholly defective. By that law, the appending of copies of the notes does not aid it. Those copies are no part of the declaration, and, if they were, there is still no averments to make out a cause of action upon them. This cause was before the Jury at Common Law. By the 54th Rule of Court, neither the declaration nor the answer is amendable, at Common Law, in matters of substance, after the case has gone to the Jury. This cause had gone to the Jury—it was at Common Law—and the amendment was in matter of substance. *Hotchkiss*, 950.

By the Act of 1818, if there is a good, legal cause of action, plainly and distinctly set forth, every other objection is, on motion, amendable, without delay or additional cost. But here, there is not, as I have endeavored to show, a good, legal cause of action, plainly and distinctly set forth. By the same Act, no suit

Phillips *vs.* Dodge.

shall be non-suited for any *formal* variance between the allegation and proof, when the cause of action is substantially set forth. But here the cause of action is not substantially set forth, and the variance is not formal, but essential.    *Prince*, 442, '3.

Let the judgment of the Court below be affirmed.