FORRESTER, administrator, *vs.* VASON *et ux.*

1. Suit was brought on guardian's bond against the legal representative of the surety thereon, the breach alleged being a failure of the guardian to pay a certain amount alleged to have been recovered against him on a bill for an account, the decree being described and its date given in the declaration. The case was referred to an auditor. The decree described in the declaration was not offered in evidence, but another decree was offered and admitted over objection. This decree was based on a bill filed by the guardian against all his creditors to require them to come in and interplead for the settlement of the priorities of their respective claims on the proceeds of the sale of the debtor's property. This case was referred to an auditor, and on his report a decree was rendered sustaining the objections to the priority of the ward's claim, and ordering that the amount which the auditor had reported be paid out of the fund as other simple contract debts:

*Held,* that the admission of such decree in evidence was error. It was not the decree set out in the declaration, nor a general judgment. It was merely a decree in a contest between creditors as to the distribution of the proceeds of the sale of the debtor's property.

2. There must be a binding judgment against a guardian generally, and not on a particular fund, before his ward, who claims that he has committed a breach of his bond, can sue the surety thereon, unless the guardian be joined in the action, or is without the jurisdiction, or has placed himself in the position of a debtor liable to attachment, or is dead and his estate is unrepresented.

(*a.*) In the present case, the legal representative of the surety is sued alone ; the principal is neither joined with him nor is any general judgment or decree shown against such principal.

September 25, 1883.

Guardian and Ward. Principal and Surety. Bonds. Before Judge BowER. Dougherty Superior Court. April Term, 1883.

Reported in the decision.

R. F. LYON; D. H. POPE, for plaintiff in error.

G. J. WRIGHT, for defendants.

JACKSON, Chief Justice.

Suit was brought by M. E. Vason and wife, against J. A. Forrester, administrator *de bonis non* on the estate of George W. Collier, on the bond of David A. Vason, as guardian of Mrs. M. E. Vason before her marriage. The case was referred to an auditor, and was tried on exceptions to his report, which resulted in a verdict and judgment for the plaintiffs. On the refusal of a new trial by the presiding judge, the case is brought here by writ of error and the question is; should the new trial have been granted ?

1 We think one or two points of the ruling of the court demand it. The declaration alleged that,

" Whereas the said Marcellus E. Vason and his said wife having

on the third day of August, 1865, intermarried, filed their bill in chancery against the said David A. Vason, as guardian as aforesaid, returnable to the June term, 1866, of the superior court of said county, for account for his actings and doings as her guardian, and upon which a judgment in favor of said Marcellus E. and wife, was, at the April term, 1874, of said court, rendered against said David A. for the sum of twenty-six hundred and thirty-seven 60–100 dollars principal. and twenty-two hundred and seventy-six 61₋100 dollars interest to the 1st of April, 1873, and which said sum, the said David A. has failed to pay, and that said David A. is insolvent, and your petitioners are unable to compel him by levy and sale to pay said sum.   *   * By reason of which the said J. R. Forrester, as the administrator *de bonis non* of said George W. Collier, became liable," etc.

So that the breach of the bond alleged in the declaration is the failure of the guardian to pay a judgment of the character and on the bill above set out. No such judgment was offered in evidence by plaintiffs; but on a bill filed by David A. Vason against all his creditors, to come in and interplead for the settlement of the priorities of their respective claims on the proceeds of the sale of the property of said David A. Vason, a decree on the report of an auditor was had in respect to the claim of M. E. Vason and wife, and this decree was introduced in evidence, over the objection of defendant, before the auditor. To that ruling of the auditor exception was taken, and, on demurrer, the exception was overruled.

The report of the auditor thereon is :

"Fourth to be paid, M. E. Vason and wife.   Trust claim, number 5.  $4,913.71.   Number 57.   M. E. Vason and wife account and settlement.   D. A. Vason having been the guardian of M. E. Vason's wife in 1852.   Amount claimed $2,637.10, with interest from 1st day of January, 1861, the funds having gone into his hands prior to the war. To which D. A. Vason replies he is not liable because he funded $13,684.03 on the——day of——1864, under an order of the judge of the superior court, in Confederate securities.   See the agreement and entries for a full understanding of the case.

" *Allowed as trust claim:*
Amount allowed......................................................$ 2,637 10
Interest to 1st of April, 1873........................................ 2,276 61

   Total................................................................. 4,913 71"

Upon this report, which was excepted to, the chancellor decreed as follows:

"The exceptions to the claim of M. E. Vason and wife be sustained as to its priority. The amount reported and allowed in the auditor's report is to be paid out of the funds as other simple contract creditors."

This decree is the only judgment which was put in evidence, over the objection of defendant, before the auditor; and this ruling of the auditor was excepted to, and, on demurrer, the exception was overruled, and the auditor sustained by the court, and this is one ground of the motion for a new trial.

It is clear that the evidence offered and admitted was inadmissible under the pleadings.

This was not the judgment set out in the declaration, the non-payment of which is the alleged breach of the bond. It is not a judgment upon the bill of M. E. Vason and wife *vs.* D. A. Vason, as alleged. It is no general judgment at all against D. A. Vason. It is simply a decree in a certain case made, wherein, on the sale of certain property of D. A. Vason, the proceeds were to be contested for by creditors, and that "the amount reported and allowed in the auditor's report is to be paid out of the funds as other simple contract creditors." Most clearly it was inadmissible and the court erred in not sustaining this exception to the ruling of the auditor.

2. Moreover the point, we think, pierces the heart of the case made in this record against this surety, and makes the verdict wholly unsupported by evidence. Not only is D. A. Vason, the principal of this bond, not sued in the same action with this surety, but the record discloses no judgment at all against him on this bond; and no suit thereon, legal or equitable, prosecuted to judgment or decree; and further, it discloses no judgment or decree of any sort against him for any sum of money to be paid by him generally, and which this surety could control against

him for reimbursement, should he pay the debt. The decree only goes to payment out of funds then in the purview of the court, all of which are. disposed of; and although D. A. Vason should become again a wealthy man, Collier's administrator could not issue or use an execution based upon it on property acquired by D. A. Vason afterwards.

Section 1819 of the Code indicates that the guardian should be sued in the same action with the surety unless "he be beyond the jurisdiction of the court, or place himself in the position of a debtor liable to attachment, or is dead and his estate unrepresented." In those cases the section declares that "suit may be commenced against the sureties alone."

The proviso in the section looks strongly in the same direction : "Provided, that the *fi. fa.* issued upon a judgment obtained against the guardian and his sureties shall not be levied upon the property of the sureties, until a return of *nulla bona* as to the guardian, unless the property of the sureties is being removed from the county." The statute means that the guardian shall be sued, so that his whole estate, present and future, be liable to a judgment which the sureties may have executed on that estate before it can come upon theirs; and more, that they may control such judgment and execution against him so long as it remained of force, to reimburse them what they had to pay.

The last clause seems intent in its gaze on the same thought: "If the failure to sue the guardian arose from his voluntary act, the judgment against the sureties shall be conclusive in any suit against him," looking to a suit by sureties for reimbursement as well as by the ward for the breach of trust.

Whilst, therefore, it may not be imperative on the ward to sue the guardian in the same action with the sureties, yet it is clear that, before he can make his money out of

the sureties, he must have a judgment against the guardian on which execution, with return of *nulla bona*, can be issued, and which the sureties may use to reimburse themselves, should the guardian ever be able to repay them.   There is no such judgment or decree in this case; without it, there can be no recovery.   Under the old law, judgment had to be obtained against the guardian in some court before the sureties could be sued.   6 *Ga.*, 303 ; 7 *Ib.*, 31.   The Code did not dispense with it in section 1819, nor has any law either statutory or constructive by judicial decision done so.   There must, then, be a binding judgment against the guardian generally, and not on a particular fund, before the surety can be sued, unless the guardian be joined in the action or without the jurisdiction, or be in the condition that attachment will lie, or dead and no representative on his estate.

Judgment reversed.