## 7007. HENING *v*. WHALEY, administrator.

1. In a suit upon a due-bill, where, so far as it appears, there was no demurrer, and where the only defense asserted was that the due-bill had been paid, a finding for the plaintiff was not vitiated merely because the writing which was the evidence of the defendant's indebtedness and the basis of the suit did not contain the word "dollars," or show that the debt was payable in money, otherwise than by the use of the figures "227.45."

2. It is the duty of courts to construe unambiguous writings, but it is for the jury to determine as to the meaning of ambiguities in a contract, solving all doubts by the rules of everyday life and in the light of ordinary experience. Since it is a matter of general knowledge that in this country the decimal system is not generally used in measuring any commodity or stating the amount of an indebtedness except in money, and since it is a matter so well known that judicial notice must be taken of the fact that in this country the decimal system is used exclusively in computing money, a jury can properly determine that the figures "227.45," in any statement of indebtedness, refer only to a payment in money, even though the usual dollar-mark does not precede them.

3. Under the foregoing rule, if the plea of payment was not established to their satisfaction, the jury were authorized to render a verdict in favor of the payee's administrator, for $227.45 and interest, upon a paper reading: "Richland Inn, Richland, Ga., J. Thad Williams, Prop., Due T. O. Whaley 227.45, two hundred twenty-seven and 45/100. J. H. Hening. 10/20/1910."

DECIDED MAY 31, 1916.

Complaint; from city court of LaGrange—E. T. Moon, judge pro hac vice. September 27, 1915.

*Henry Reeves,* for plaintiff in error. *Benjamin H. Hill,* contra.

RUSSELL, C. J. The plaintiff, as administrator of his son, brought suit upon a paper alleged to be a due-bill, given upon a named date, for $227.45, a copy of which was attached to the petition. So far as appears from the record, the defendant filed no demurrer, and there was no plea of non est factum. On the contrary, the only defense entered was that the defendant had paid and fully discharged the due-bill, which he tacitly and impliedly admitted was for the amount of money sued for. Upon its introduction in evidence it appeared that it did not contain the dollar-mark which appeared in the copy attached to the petition, and it was dated "11/20/10," instead of 11/12/10; and the court permitted an amendment which made the petition conform to the paper introduced. The paper was as follows: "Richland Inn, Richland, Ga., J. Thad Williams, Prop., Due T. O. Whaley 227.45, two hundred twenty-seven and 45/000. J. H. Hening. 10/20/1910." The defendant objected to the introduction of the paper, upon the ground that there was a variance between it and the allegations of the plaintiff's petition, and because the paper did not show on its face what it was for, and was so vague, indefinite, ambiguous, and meaningless that it had no probative value. The same point is raised by complaint of certain instructions, which left to the jury the question as to the meaning of the paper, and as to whether the paper in evidence was the one sued on. There are also exceptions upon the ground that the court erred in denominating the paper introduced in evidence as a "due-bill," while charging the jury; it being insisted that the court thereby intimated an opinion as to what had been proved.

As to these objections it need only be said that it is the peculiar province of the jury to relieve ambiguities and to dispel any doubts that may be due to ambiguity, by applying the clear light of ordi-

nary everyday experience, the rule of reason and common sense. The court was certainly authorized to denominate the paper as a "due-bill," because it evidenced an admission in writing on the part of its maker that he was due the party named therein something, even if it be true, as contended by the defendant, that this something might as well be pigs or geese, etc., as dollars; and the defendant in his answer did not deny that he had given the plaintiff's intestate a due-bill for the amount of money claimed in the petition, but, on the contrary, insisted that he had paid the debt alleged by the plaintiff. He tacitly admitted that he had given a due-bill for the amount which was apparently indicated by the writing sued on.

There is no merit in the exception that the court failed to charge upon the preponderance of the evidence; for there was no request for instructions upon that point. The insistence that the charge as a whole was strongly in favor of the contentions of the plaintiff and was calculated to mislead the jury (even if the exceptions were not too general to present anything for our consideration) is not sustained; and the assignment of error based upon the court's refusal to award a nonsuit will not be considered, because exception is taken to the refusal to grant a new trial on the ground that the verdict in favor of the plaintiff was not supported by evidence. *Henderson* v. *Maysville Guano Co.,* 15 *Ga. App.* 69 (82 S. E. 588).

We recognize the well-settled principle that where there is a material variance between the plaintiff's petition and the evidence as to the written instrument which is the basis of the suit, the variance is fatal. *Forrester* v. *Vason,* 71 *Ga.* 49. The allegation and proof at all material points must correspond. *Phillips* v. *Dodge,* 8 *Ga.* 54. However, we can not hold that a variance consisting merely of the presence in the one and absence in the other of the dollar-mark ($) is fatal, unless we could hold as a matter of law that the omission to prefix the dollar-mark to the figures 227.45 must be construed, as a matter of law, to indicate that these figures do not refer to money. If it is doubtful whether the thing which the maker of the paper admitted he was due the payee was money, or corn, oats, wheat, or cotton, as insisted by learned counsel for plaintiff in error, then the ambiguity upon the subject was for solution by the jury. It is a matter of general knowledge that in this country the decimal system is not generally used in measur-

ing any commodity except money, and it is a matter so well known that judicial notice must be taken of the fact that in our country the decimal system is used exclusively in computing money, and a jury can properly determine that the figures "227.45" in any statement of indebtedness refer only to a payment in money, even though the usual dollar-mark does not precede them. While we are not called upon now to decide the point, we think a court could so hold as a matter of law.

The defendant evidently failed to satisfy the jury that he had paid the debt evidenced by the paper introduced in evidence; and the paper, supported by the natural inferences deducible from the language of the defendant himself in his answer, authorized the jury's finding. The headnotes do not require further elaboration.

*Judgment affirmed.*