### 32376. PAULK *et al. v.* ELLIS STREET REALTY CORPORATION *et al.*

DECIDED MARCH 18, 1949. REHEARING DENIED MARCH 30, 1949.

Samuel L. Eplan, Israel Katz, for plaintiffs.

Margaret Hills, Poole, Pearce & Hall, Tye, Thomson & Tye, for defendants.

TOWNSEND, J. (After stating the foregoing facts.) A proper construction of paragraph 12 with the other quoted portions of the lease itself discloses that the parties contemplated just such a condition as arose here. It is clear that the lessees were not required under the terms of the lease to make such structural improvements as were provided for by the order of. the proper authorities of the City of Atlanta. The foregoing quoted part of the lease, requiring the lessees to make such repairs as necessary in order to return the property in as good order and repair as when first leased, natural wear and tear excepted, does not contemplate any improvements required by order of the police, fire marshal, or other governmental authority. On the other hand, the lessor, under the terms of a foregoing quoted portion of the lease, "is not to make or be called upon to make any repairs or *improvements* of any sort whatsoever upon said premises during the term of this contract, . . *subject to the provisions of paragraph 12.*" (Italics ours.) Paragraph 12 of the lease is set forth fully herein. However, by deleting portions thereof not applicable to the conditions here, and by setting forth only the portions thereof applicable to this case, said paragraph is as follows: "In the event the leased premises are . . rendered untenantable for the purposes for which leased by. . . order of any police, fire marshal, or other governmental authority or subdivision thereof (Federal, State, municipal or otherwise), the obligation of the lessees to pay rental shall cease from such time and this lease shall be at an end from such time, except for the purpose of enforcing rights which may have then accrued thereunder. . ." In the instant case, such an order of the municipal government of the City of Atlanta terminated. the lease. The deleted provisions of paragraph 12 are not applicable to the instant case. The obligation of the lessor to restore the premises anticipates a damage by fire, storm, lightning, earthquake, or other casualty.

In the absence of a contractual provision to the contrary, it is the obligation of the landlord in this State to keep the premises in repair, where the relationship of landlord and tenant exists. See Code, § 61-111. However, in the instant case, most of the requirements of the city constituted structural improvements rather than repairs. Notwithstanding this fact, the provisions of the contract of lease itself plainly provide that the lessor shall not be required to make improvements except as provided in paragraph 12 of the lease; and this paragraph excepts from the obligation of the lessor such improvements as are required by order of any police, fire marshal, or any governmental authority, by merely providing that, in case the premises become untenantable by reason thereof, the lease terminates.

In holding that the landlord was not required to make such structural improvements, the Supreme Court in *Kanes* v. *Koutras*, supra, held as follows: "It is possible that the expense of making the 13 structural repairs called for by the city would be so great as to cause the lessor to prefer to allow the building to remain idle rather than to be put to such expense. A landlord in many instances does not desire to make any repairs to a building either before he rents it to a tenant or during the tenant's occupancy." We quote further from the *Kanes* case, as follows: "The allegations of the petition setting forth the refusal of the lessor to make the structural repairs, together with the prohibition against using the building for hotel purposes and the revocation of the petitioner's license to operate a hotel therein, were sufficient to authorize the tenant to discontinue the payment of rent and thus to terminate the lease." In the *Kanes* case there was no provision in the lease authorizing its termination upon the premises becoming untenantable by reason of municipal or other governmental authority. It was there held that the landlord was not liable to make the structural improvements because the tenant took the property under the terms of the lease "as is." Express provision for the termination of the lease contract, as in the instant case, is stronger authority for the termination of the lease than the "as is" provision of the lease in the *Kanes* case.

In *Midtown Chain Hotels Co.* v. *Bender*, supra, the lessor performed the structural improvements required by the city and

sued the tenant for their cost. In that case this court held that the owner was not entitled to recover, because there was no obligation on the part of the tenant to add these structural improvements to the property of the landlord. That case, however, is no authority that the landlord would have been required to perform the structural improvements had he elected not to do so.

None of the authorities cited in the very able and comprehensive briefs of counsel for the plaintiffs is controlling in the instant case, for the reason that here the language of the lease itself controls.

In the light of what has been said, it is not necessary for this court to determine whether or not the petition states proper subject-matter for a declaratory judgment; whether or not the same shows sufficient privity of contract or of estate between the plaintiffs and the defendant, Ellis Street Realty Corporation, to support a cause of action in favor of the plaintiffs against it, or whether or not the rental contract between the parties established an estate for years or the relationship of landlord and tenant. The sole question for our determination is whether or not, under the terms of the lease, the defendants or either of them were required to perform the structural improvements, and the failure so to perform the same constitutes a breach of the lease contract, giving rise to a cause of action for damages. For the reasons herein set forth, neither of the defendants was so obligated, and the resultant action of the City of Atlanta effected the termination of the lease.

The contract is plain and unambiguous. It was the duty of the trial judge to construe it. See Code, § 20-701, *Hening v. Whaley*, 18 *Ga. App.* 208 (89 S. E. 166). His construction was proper. It follows that the demurrers should have been sustained and the petition dismissed.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*