62348. BUDD LAND COMPANY, LTD. v. K & R REALTY COMPANY.

DEEN, Presiding Judge.

On October 10, 1978, Roger Budd Chevrolet, Inc., owner of an automobile dealership and sales business, executed an Asset Sale Agreement agreeing to sell the business to William Kehoe and Joseph Robert on certain conditions, including which was the formation of a corporation by purchasers to hold the assets, their obtention of a dealership agreement from Chevrolet and other manufacturers, the execution of a 10-year lease at a stated price from the owner, Budd, etc. The sale was later executed and assigned to the contemplated new corporation, by Kehoe Chevrolet, Inc. The lease was entered into on December 1, 1978, between Budd Land Company and K & R Realty Company and contained the following provision: "In the event that the premises or any part thereof are taken or condemned or are conveyed under threat of eminent domain, at Lessee's option the lease may be terminated as of the date of such taking."

The following year the City of Valdosta and Lowndes County condemned narrow strips of land for street widening purposes along three of the four sides of Lessor's property ranging from a few inches to eight or nine feet in width, for which a total of $17,975 was paid to

the owner. K & R Realty Company gave notice under the quoted lease provision that it exercised its option to terminate the lease, and thereafter Kehoe Chevrolet, Inc. removed from the premises.

In this action the appellant filed suit for rentals allegedly due under the lease. The defendant lessee moved for and was granted summary judgment and this appeal follows.

1. It is first contended that because the Asset Sale Agreement stated that as a condition precedent to closing a 10-year lease at stated monthly rental should be executed between the parties, under this provision, construed with the lease (see *Dyal v. Foy & Shemwell, Inc.,* 159 Ga. 848, 853 (126 SE 783) (1924); *Knight v. Causby,* 68 Ga. App. 572 (23 SE2d 458) (1942)) the court should have admitted parol evidence to determine the intent of the parties to the lease and particularly intent as to the meaning of the condemnation clause. We do not agree. This is a standard clause and we do not find it ambiguous so as to call for oral interpretation. "Premises," according to Black's Law Dictionary, encompasses land together .with its appurtenances, the interest or estate granted, a distinct and definite locality, including a distinct portion of real estate. The legal description of the premises leased includes that area condemned together with the construction and passage easements. It was not necessary either to receive oral testimony or leave for jury determination a resolution of the meaning of this provision.

2. It is further argued that the court erred in not applying the maxim "De minimis non curat lex" and thereby reaching the result that since the amount of land taken was very small and did not substantially impair any activity of the lessee, the option clause should not be applied. In the first place, Kehoe's affidavit states that "Affiant made use of all of the premises covered by the lease agreement throughout the term of the lease." More to the point, however, nothing in the Asset Sale Agreement limited in any way the lease conditions here involved, and the lessee's option to terminate on condemnation of "any part of" the leased premises does not make use or impairment of function or even damage a consideration in this option. We think the court properly pointed out that the *de minimis* axiom applies primarily to the extent of damages, and is thus most often applied in tort actions. Regardless of this, while the amount of land taken might, as the appellant insists, have been a trifle, the provision for an option to terminate the lease certainly is not, and that is the subject matter with which we must deal: an option granted not by the law but by the agreement of the parties. If the intention of the contract is clear and contravenes no rule of law it will be enforced according to its terms. Code § 20-702; *Lee v. Lee,* 191 Ga. 728 (13 SE2d 774) (1941).

The lessee had a contractual right to exercise its option to terminate upon the event of the taking. The trial court properly granted the motion for summary judgment.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 8, 1981.

*J. Converse Bright, Miller P. Robinson,* for appellant.
*Wade H. Coleman,* for appellee.