### 74467. HALLEY v. HARDEN OIL COMPANY.
(357 SE2d 138)

DEEN, Presiding Judge.

On June 23, 1981, the appellant, Jack Halley, purchased from Larry Edwards a tract of land upon which was located a service station and grocery store. On March 21, 1980, Edwards had entered into a purported lease agreement with the appellee, Harden Oil Company. Under that agreement, (1) Harden Oil Company "leased" the premises for a ten-year period and paid $6,000 rental in advance; (2) Edwards retained possession, use, and responsibility for maintenance of the property; and (3) Edwards was required to purchase gasoline exclusively from Harden Oil Company. The lease contained no price or quantity terms, nor any obligation on the part of Harden Oil Company to sell gasoline to Edwards. This purported lease was never recorded, but the evidence was conflicting over whether Halley actually knew of it before he purchased the property from Edwards.

Shortly after the purchase Willis Harden approached Halley's son who was working at the store, and had him sign the same lease agreement that Edwards had signed. Halley thereafter approached Harden, seeking a contribution on the renovation of the service station, including repaving and converting the pumps to self-service. Harden eventually agreed to provide $5,000, at which time he remarked, "Jack, I'm going to give you this check and I'm not going to require any additional lease, because I've already got eight years to go on the one I've got and I don't really need any more." Halley silently accepted the check.

Halley continued to buy gasoline exclusively from Harden Oil Company until May 1984, when he began obtaining his gasoline at a better price from an independent distributor. Harden Oil Company subsequently commenced this action, seeking damages for the breach of the lease, or, in the event the lease was not enforceable, return of a

pro rata share of the $6,000 that had been paid to Larry Edwards and return of the $5,000 paid to Halley, and return of some service station equipment owned by Harden Oil Company. There was no dispute that Harden Oil Company was entitled to the personal property in question, and the trial court directed a verdict to that extent. Following the trial court's denial of Halley's motion for directed verdict, the jury awarded Harden Oil Company $8,300 in damages, and this appeal resulted. *Held*:

The agreement between Larry Edwards and Harden Oil Company, despite its denomination as a lease, constituted neither a lease nor a covenant running with the land, and thus, without more, was not binding upon Halley. Cf. *Copelan v. Acree Oil Co.*, 249 Ga. 276 (290 SE2d 94) (1982). Moreover, the agreement between Edwards and Harden Oil Company, which more correctly would be classified as an "exclusive dealings" contract under OCGA § 11-2-306, was actually unenforceable for lack of mutuality, since there was no obligation whatsoever imposed upon Harden Oil Company to sell gasoline to Edwards (or Halley). See *Billings Cottonseed v. Albany Oil Mill*, 173 Ga. App. 825 (328 SE2d 426) (1985). Accordingly, even if Halley was aware of the purported lease prior to his purchase of the property, and even if Halley meant to assume Edwards' position and obligation under that agreement, neither eradicates the determinative fact of the unenforceability of that contract.

Nevertheless, since it was uncontroverted that Harden Oil Company contributed $5,000 to Halley's renovation of the service station in reliance upon the existence, validity, and affirmation of the lease agreement, Halley is not entitled to retain that money, because of that "naked and changeless equity which forbids that one man should retain the money of his neighbor, for which he paid nothing, and for which his neighbor received nothing: an equity which is natural — which savages understand — which cultivated reason approves, and which Christianity not only sanctions, but in a thousand forms has ordained." *Culbreath v. Culbreath*, 7 Ga. 64, 67 (1849); *Reid v. Hemphill*, 82 Ga. App. 391 (2) (61 SE2d 201) (1950). (Harden Oil Company may not recover from Halley any of the $6,000 that was "had and received" only by Edwards.) The jury award for money damages is sustainable to that extent only, i.e., $5,000, and the verdict in excess of that amount must be stricken; otherwise, the judgment must be reversed.

*Judgment affirmed with direction. Birdsong, C. J., and Pope, J., concur.*

DECIDED APRIL 22, 1987 —
REHEARING DENIED MAY 1, 1987.

*Edmund A. Waller*, for appellant.
*Dan A. Aldridge, Jr.*, for appellee.