A91A1933. GOLDEN PEANUT COMPANY v. HUNT et al.

(416 SE2d 896)

JOHNSON, Judge.

This appeal arises from the trial court's order granting the appellees' motion for partial summary judgment.

Charles Mason Hunt (Hunt) entered into a contract to sell his 1990 crop year peanuts to the Golden Peanut Company (Golden). Golden supplied the contract form, which states that it is to constitute the complete and exclusive agreement between the parties and that, "No parol evidence shall be relevant to supplement or explain this agreement." The contract provided for deferred pricing of the peanuts and that if Hunt and Golden could not reach a mutually acceptable price, the matter would be resolved in accordance with paragraph three of the "Terms and Conditions" portion of the contract. Paragraph three provides: "(a) Producer shall obtain from a third party a written, *bona fide* and verifiable offer to purchase Other Peanuts for a sum certain on the date of delivery; (b) Before accepting the third party offer, Producer shall offer to sell Other Peanuts to Handler on the same terms and conditions as the third party offer; (c) Handler will have 24 hours to accept Producer's offer, then Producer may sell such peanuts to the third party upon the same terms and conditions as were offered to the Handler."

Golden and Hunt were unable to reach a mutually acceptable price for the peanuts. Hunt then obtained a written offer to purchase the peanuts at an agreed price from Miller Bros. Farms, Inc. (Miller). Miller was not a federally registered peanut handler. Before accepting Miller's offer, Hunt offered to sell the peanuts to Golden on the same terms as Miller's offer. Golden refused this offer and filed an action

against Hunt for specific performance, declaratory judgment and injunctive relief. The trial court issued a temporary restraining order compelling delivery of the peanuts to Golden, with which Hunt complied. Miller intervened and with Hunt filed a motion for partial summary judgment asking the court to rule that Miller's offer to purchase Hunt's peanuts was *bona fide*. Golden, with its response to the motion, filed affidavits asserting that in the peanut industry the words "*bona fide* offer" in a peanut contract mean an offer from a federally registered handler. The trial court granted the motion for partial summary judgment and ruled that Miller's offer was *bona fide*. Golden appeals from that ruling.

1. Golden contends that Miller's offer to purchase Hunt's peanuts was not *bona fide* because Miller was not a federally registered peanut handler. Golden's first and second enumerations of error are premised on the assumption that federal regulations governing the peanut trade prohibit and render illegal an offer to purchase peanuts by an unregistered peanut handler. This Court rejects that premise and finds that Golden's first and second enumerations of error are therefore without merit.

While federal regulations do penalize peanut handlers for not registering, they neither prohibit unregistered handlers from offering to purchase peanuts, nor render such offers illegal. In fact the regulations anticipate purchases and offers to purchase by unregistered handlers. 7 CFR § 1446.77 treats unregistered handlers just like registered handlers, providing that they are subject to all penalties and remedies that apply against registered handlers and that they shall be penalized for nonregistration. Moreover, 7 CFR § 729.422 actually sets forth procedures to be followed by producers marketing peanuts to unregistered handlers. These regulations envision participation in the peanut trade by handlers who are not properly registered.

Miller may be subject to penalties for not registering as a peanut handler; however, its offer to purchase Hunt's peanuts clearly was not prohibited or rendered illegal by the federal regulations. Accordingly, the trial court's ruling that Miller's offer was *bona fide* does not contravene the regulations or cause the commission of an illegal act.

2. Also without merit is Golden's third enumeration of error. Golden contends the trial court erred by failing to consider parol evidence of trade usage, pursuant to OCGA § 11-2-202 (a), in interpreting the contract. The appellant argues that the trial court should have considered its affidavits stating that it is common knowledge in the peanut industry that the words "*bona fide* offer" in a peanut contract mean an offer from a federally registered handler.

Golden, who provided the contract form, agreed in paragraph one of the "Terms and Conditions" portion of the contract that no parol evidence shall be allowed to supplement or explain the agreement.

Golden is bound by its own agreement and may not now violate its terms by attempting to explain or supplement it through the use of parol evidence. "If the intention of the contract is clear and contravenes no rule of law it will be enforced according to its terms." *Budd Land Co. v. K & R Realty Co.*, 159 Ga. App. 448, 449 (283 SE2d 665) (1981).

Furthermore, while it is true that OCGA § 11-2-202 does allow for a written contract to be explained or supplemented by usage of trade evidence, it does not allow the use of such parol evidence to alter or vary the terms of the contract. "[T]he express terms of a contract and trade usage shall be construed as consistent with each other only when such construction is reasonable. A construction which negates the express terms of the contract by allowing unilateral abandonment of its specifications is patently unreasonable." *Southern Concrete Svc. v. Mableton Contractors*, 407 FSupp. 581, 585 (3) (N.D. Ga. 1975).

The parol evidence offered by Golden does not merely explain or supplement the plain, unambiguous contract entered into by the parties; rather, it contradicts the clear language of their agreement and seeks to place additional terms and conditions on the parties. The clear intention of the parties was that if they could not agree upon a price, Hunt could then entertain *bona fide* purchase offers from any third party. Golden now tries to modify that unambiguous agreement by use of parol evidence to additionally require the *bona fide* offer to come from a federally registered peanut handler. Golden may not do this. "Where the language of the contract is plain, unambiguous, and capable of only one reasonable interpretation, no other construction is permissible." *Copy Systems v. Page*, 197 Ga. App. 435, 437 (398 SE2d 784) (1990), quoting *Reuss v. Time Ins. Co.*, 177 Ga. App. 672, 673 (340 SE2d 626) (1986). Accordingly, the trial court did not err in granting the appellees' motion for partial summary judgment.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 19, 1992.

*Liggin & Winkler, H. James Winkler*, for appellant.
*Davis, Gregory & Christy, Hardy W. Gregory, Jr., Gary C. Christy, David A. Forehand, Jr.*, for appellees.