## A00A1957. FONTAINE v. SIDELINES IV, INC. et al.
(538 SE2d 137)

ELDRIDGE, Judge.

On August 13, 1996, Steven Katzenstein made an oral agreement with Charles E. Fontaine to borrow $100,000 at 18 percent per annum, repayable in 60 equal installments with a promissory note secured by the pledge of all stocks issued to Katzenstein in a corporation to be formed, Sidelines IV, Inc., which would lease and operate a sports bar. They further agreed that Fontaine would have the option to loan the defendants an additional $175,000 at 15 percent per annum, repayable in 60 months in equal installments; that if a second loan was made by Fontaine, then he would receive a consulting agreement for the sports bar of $50,000 per annum or 2.5 percent of the gross sales, whichever was greater, for the duration of the lease. This was memorialized in the executed Loan Agreement.

On August 14, 1996, Katzenstein received the $100,000 and executed this contract captioned Loan Agreement, which contained all

the provisions and terms of their first loan, possible second loan, and the Promissory Note. However, Katzenstein refused to execute two additional contracts; one was only captioned "Agreement," and the other contract was captioned "Consulting Agreement." Katzenstein refused to sign the additional contracts, because the percentage for the consulting fee had been increased from what they had previously agreed as this amount.

Fontaine sued the defendants for specific performance, breach of contract, and damages. Fontaine sought to force the defendants to make the second loan with him and to execute the Consulting Agreement. Defendants raised the defense of the statute of frauds and moved to dismiss. The trial court granted the motion as to the Consulting Agreement and the Agreement, but denied the motion as to the breach of the Loan Agreement, which issue went to the bench trial as a breach of contract. At a bench trial, the trial court found that the Loan Agreement did not require that the defendants borrow exclusively from Fontaine or that defendants had to seek the second loan with Fontaine so that there was no breach of contract when the defendants never asked Fontaine for a second loan or when the defendants obtained a second loan from other sources. We affirm the trial court.

1. Fontaine contended that the trial court erred in finding that the defendants did not breach the Loan Agreement. We do not agree.

In bench trials, the findings of the trial court will not be set aside unless clearly erroneous and regard must be given to the trial court's opportunity to assess the credibility of the witnesses. OCGA § 9-11-52 (a). Moreover, the clearly erroneous test is in essence the same as the any evidence rule and appellate courts cannot disturb the findings of fact by the trial court if there is any evidence to support them.

(Citation and punctuation omitted.) *Thomas v. Dept. of Transp.*, 232 Ga. App. 639, 643 (3) (502 SE2d 748) (1998).

Arguendo only, we assume that the Agreement was properly executed. The Agreement stated that "Fontaine has the option, within eighteen (18) months from this date hereof, to loan Corporation and Steve Katzenstein" $175,000 on terms spelled out in the Loan Agreement. Thus, the Agreement did not *require* that the defendants ask for a second loan from Fontaine or that a second loan be made exclusively with Fontaine. Neither promised to do anything.

The executed Loan Agreement stated that "[l]ender shall have the *option*, within eighteen (18) months from the date hereof, to loan Borrower an additional" $175,000 in three increments of $50,000. (Emphasis supplied.)

In interpreting a contract, contract construction is a matter of law for the trial court. OCGA § 13-2-1; *Early v. Kent*, 215 Ga. 49 (1) (108 SE2d 708) (1959); *Paulk v. Ellis Street Realty Corp.*, 79 Ga. App. 36, 41 (52 SE2d 625) (1949). The intent of the parties governs as the cardinal rule of construction. OCGA § 13-2-3; *Paul v. Paul*, 235 Ga. 382, 384 (219 SE2d 736) (1975). Where there exists no ambiguity and the intention of the parties is clear, the court must enforce the contract as written. OCGA §§ 13-2-2; 13-2-3; *Budd Land Co. v. K & R Realty Co.*, 159 Ga. App. 448, 449 (283 SE2d 665) (1981). The trial court determined that the intent of the parties was clear and unambiguous and that neither party took any action to accomplish a second loan nor were they required to do so.

Neither party promised to do anything in the Agreement, and no other consideration was given by either party. Neither party did anything toward creating or making a second loan that could be considered part performance that would supply mutuality of obligation. *Hill Aircraft &c. Corp. v. Planes, Inc.*, 158 Ga. App. 151, 152-153 (2) (279 SE2d 250) (1981). Therefore, the Agreement lacked mutuality of obligation and did not constitute a valid contract. See *Halley v. Harden Oil Co.*, 182 Ga. App. 784, 785 (357 SE2d 138) (1987); *Billings Cottonseed v. Albany Oil Mill*, 173 Ga. App. 825, 826-827 (1) (328 SE2d 426) (1985).

Nowhere in either the Agreement or the Loan Agreement are the defendants obligated to borrow $175,000 in additional funds from Fontaine or anyone else. Further, neither the Agreement nor the Loan Agreement prohibits the defendants from making a loan with anyone else. Neither party was obligated to make a loan, because the Agreement did not require either party to do so, and the parties never had a meeting of the minds that the Agreement *required* the defendants to enter into a second loan with Fontaine. OCGA § 13-1-1; see generally *Jackson v. Easters*, 190 Ga. App. 713, 714-715 (1) (379 SE2d 610) (1989); *Wells v. H. W. Lay & Co.*, 78 Ga. App. 364, 367 (1) (50 SE2d 755) (1948). Thus, the Agreement as to a second loan is totally lacking in mutuality of obligation, because neither party bound themselves to do anything in the future regarding a second loan that is enforceable as a contract; there was no consideration or mutual promises given. *Vester v. Mug A Bug Pest Control*, 231 Ga. App. 644 (500 SE2d 406) (1998), rev'd on other grounds, 270 Ga. 407 (509 SE2d 925) (1999); *Green v. Johnston Realty*, 212 Ga. App. 656 (442 SE2d 843) (1994); *Halley v. Harden Oil Co.*, supra at 785. Defendants were free not to ask for a second loan from Fontaine and could seek a second loan anywhere else. Fontaine had the option to refuse to make a second loan to the defendants if they asked for such. The only thing fixed was the amount of a second loan, if made.

Defendants were under no obligation that imposed upon them

the duty to act or refrain from acting that they breached. Therefore, the trial court properly found for the defendants and against the plaintiff.

2. Fontaine had three contentions regarding the grant of the motion to dismiss based upon the statute of frauds as to the Consulting Agreement. Since executing the Consulting Agreement was specifically contingent upon entering into the second loan and since a second loan was never requested by the defendants or made by the plaintiff, then such issues are moot.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 7, 2000 —
RECONSIDERATION DENIED AUGUST 23, 2000.

*Olim & Loeb, Jay E. Loeb,* for appellant.
*Schulten, Ward & Turner, Kevin L. Ward, Erin S. Stone, Helena K. Katzenstein,* for appellees.